PEOPLE v SIMON

Docket No. 122023. Submitted February 19, 1991, at Detroit. Decided
    June 3, 1991, at 9:05 A.M.
    Kenneth Simon was convicted following a bench trial in the
    Recorder's Court for the City of Detroit, James E. Roberts, J., of
    possession with intent to deliver less than fifty grams of cocaine
    and possession of a firearm during the commission of a felony.
    The defendant appealed.
        The Court of Appeals *held:*
        1. The trial judge erred in relying on his own specialized
    knowledge in finding the defendant guilty.
        2. The trial judge failed to make adequate findings of fact: he
    never stated that he was convinced beyond a reasonable doubt
    that the defendant was holding a gun or that he possessed
    cocaine, and never found that the defendant intended to deliver
    cocaine. Remand to the trial court is required for additional
    findings of fact.
        Remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
Research, Training, and Appeals, and *Jeffrey Ca-
minsky,* Assistant Prosecuting Attorney, for the
people.

State Appellate Defender (by *Chari K. Grove*),
for the defendant on appeal.

Before: REILLY, P.J., and SHEPHERD and MARILYN
KELLY, JJ.

MARILYN KELLY, J. Following a bench trial,
defendant was convicted of possession with intent
to deliver less than fifty grams of cocaine and
possession of a firearm during the commission of a

felony. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv); MCL 750.227b; MSA 28.424(2). The trial judge sentenced him to a prison term of one to five years for the drug conviction and to a consecutive two-year term for the firearm conviction.

Defendant appeals as of right, arguing that the trial judge improperly relied on his own specialized knowledge of how drug raids are conducted when rendering his verdict. In addition, defendant claims that the trial court's findings of fact were inadequate. We remand for further findings of fact.

The testimony at trial revealed that defendant was arrested in the back bedroom of a suspected drug house during a police raid. Although the police officers' testimony was contradictory in some respects, two officers agreed that when they entered the bedroom, they found defendant holding a rifle. One of the officers testified that he searched defendant and found 111 bags of cocaine in his pants. There was evidence that another suspect had gotten out through the bedroom window.

Defendant testified that he and a friend had visited the house to drink beer and smoke marijuana with another friend. There were approximately eleven other people in the house. Defendant stated that when he heard the police enter the house, he came out of the bedroom and ran about ten steps towards the front door. However, when he saw the police officers, he returned and hid in the bedroom closet. Eventually, an officer found him in the closet. Defendant denied that he had either a gun or cocaine.

During closing argument, defense counsel contended that the gun and the cocaine that the officers had found in the room belonged to the person who left through the bedroom window. He

suggested that the officers were attempting to transfer another's criminal acts to defendant.

The judge acknowledged that there were several inconsistencies in the officers' testimony and opined that the police sometimes "shade the truth" in order to obtain convictions in drug cases. However, he stated that, based on his experience when he was a prosecutor, he did not believe defendant's testimony. The judge informed defendant:

> I want you to know I used to be a prosecutor. And, I know something about the way the police perform raids.

The judge proceeded to explain that the raiding of a drug house occurs at a very fast pace. He indicated that there would have been insufficient time for defendant to run from the bedroom, return and hide in the closet without being apprehended, as defendant had testified.

> I don't see how, in light of what I know about raids. You see, that would be impossible. I would say that would be impossible.

The judge then stated that he had no doubt that the house where defendant was arrested was a drug house where crack cocaine was sold. He also believed that the gun "was there for protection as it usually is." Based on these findings, the judge concluded that defendant was guilty of both the cocaine and felony-firearm charges.

The trial court erred by relying on its own specialized knowledge in finding defendant guilty. It is well known that factfinders may and should use their own common sense and everyday experience in evaluating evidence. CJI2d 2.6(2). They

may also refer to "*general knowledge* upon matters *notorious and unquestioned.*" 9 Wigmore, Evidence (Chadbourn rev), § 2570, p 726 (emphasis in original). However, the scope of the doctrine is limited strictly to a few matters of elemental experience in human nature, commercial affairs and everyday life. *Id.,* p 728.

It is also well established in Michigan that a judge in a bench trial must arrive at his or her decision based upon the evidence in the case. The judge may not go outside the record in determining guilt. 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 630, p 285. When the factfinder relies on extraneous evidence, the defendant is denied his constitutional right to confront all the witnesses against him and to get all the evidence on the record. *People v Ramsey,* 385 Mich 221, 224-225; 187 NW2d 887 (1971); US Const, Am VI; Const 1963, art 1, § 20; see also *Hughes v Borg,* 898 F2d 695, 700 (CA 9, 1990).

In this case, the trial court convicted defendant based in part on specialized knowledge not in evidence. He specifically stated that, because of what he had learned about drug raids while a prosecutor, he found defendant's story of what occurred when the police entered the house impossible. The judge, in effect, served as an expert witness against defendant, thus depriving defendant of his right to confrontation and cross-examination. See *Ramsey, supra; Hughes, supra.*

We hold also that the trial judge failed to make adequate findings of fact. MCR 2.517(A)(1); MCR 6.403. The purpose of requiring specific findings is to aid appellate review by revealing the facts relied upon by the factfinder on each element of the law applied. *People v Armstrong,* 175 Mich App 181, 184; 437 NW2d 343 (1989). The sufficiency of the findings must be reviewed in the

context of the evidence and the specific legal and factual issues raised by the parties. *People v Rushlow,* 179 Mich App 172, 177; 445 NW2d 222 (1989).

Here, after evaluating the testimony of the witnesses, the judge stated:

> I am convinced to the point that I don't have any doubt that this was a crack house. I have no doubt that it was being sold there. It was not only being utilized, it was being sold there. And, I think the gun was there for protection as it usually is. I find Defendant guilty of Counts I and II.

The above findings do not adequately reflect that the trial court was aware of the issues in the case and correctly applied the law. In fact, they are consistent with defense counsel's theory that the cocaine and gun found in the room were the property of the person who left through the window. The fact that defendant was arrested in a crack house or that a gun was present does not mean he was guilty of felony-firearm or intent to deliver cocaine. The trial judge never stated that he was convinced beyond a reasonable doubt that defendant was holding a gun or that he possessed cocaine. In addition, the judge never made a finding that defendant intended to deliver cocaine.

The case is remanded for additional findings of fact. The trial judge should determine whether, based solely on the evidence presented at trial, he is convinced beyond a reasonable doubt that defendant was guilty of the charged offenses. CJI2d 12.3; CJI2d 11.34. He should not rely on his own specialized knowledge of how raids are conducted, but rather on common sense and everyday experience. Wigmore, *supra.* In addition, he should make sufficient findings of fact on each element of the crime.

Remanded. We retain jurisdiction.