# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WASEEM MUSA ALI, Minor.

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

WASEEM MUSA ALI,

        Respondent-Appellant.

UNPUBLISHED
May 12, 2015

No. 320476
Wayne Circuit Court
Family Division
LC No. 12-509289

Before: RIORDAN, P.J., and JANSEN and HOOD, JJ.

PER CURIAM.

Following a bench trial, respondent was adjudicated responsible for attempted second-degree home invasion, MCL 750.110a(3). The trial court ordered that respondent be placed in the home of his parents and to 182 days of probation. Respondent appeals as of right. We affirm.

Defendant asserts insufficient evidence was presented to establish the elements of attempted second-degree home invasion. We disagree.

A defendant's challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecutor and determine whether any trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Meshell*, 265 Mich App 616, 619; 696 NW2d 754 (2005). Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). Additionally, this Court should not interfere with the factfinder's role of determining the weight of evidence or the credibility of witnesses. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

"A person who breaks and enters a dwelling with the intent to commit a felony or a larceny in the dwelling or a person who enters a dwelling without permission with intent to commit a felony or a larceny in the dwelling is guilty of home invasion in the second degree."

-1-

*People v Nutt*, 469 Mich 565, 593; 677 NW2d 1 (2004). The elements of second-degree home invasion are a person (1) entered a dwelling, either by a breaking or without permission, (2) with the intent to commit a felony or a larceny in the dwelling. *Id*. An attempt consists of two elements: "(1) an intent to do an act or to bring about certain consequences which would in law amount to a crime; and (2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation." *People v Jones*, 443 Mich 88, 100; 504 NW2d 158 (1993), citing *People v Adams*, 416 Mich 53, 58 n 5; 330 NW2d 634 (1982). A defendant's intent can be inferred from the circumstances and facts surrounding the incident. *People v Lugo*, 214 Mich App 699, 709-710; 542 NW2d 921 (1995).

Viewed in the light most favorable to the prosecution, the evidence was sufficient to establish the elements of attempted second-degree home invasion. Evidence was presented that respondent and Alaa Alziyadi were in Khaled Elshikh's fenced in backyard and respondent was "so close" to the back window of Elshikh's house while Alziyadi was at the side door of the house, "trying to push it." As a result, the frame of the side door was "completely" "broken." Further, Officer Talbert saw a "vague" "kick mark" on the side door. A reasonable inference can be drawn that respondent had the intent to enter Elshikh's dwelling, by breaking or without permission, and to commit a larceny or felony inside the dwelling based on the facts that respondent was in Elshikh's fenced in backyard, respondent was seen "so close" to the back window of Elshikh's house, Alziyadi was trying to push the side door of Elshikh's house, there was a "vague" "kick mark" on the side door, and the side door's frame was "completely" "broken." Because of the circumstances and facts surrounding the incident, a rational trier of fact could infer respondent had the intent to enter Elshikh's dwelling, by breaking or without permission, and to commit a larceny or felony inside the dwelling.

Sufficient evidence was presented to establish respondent performed acts in furtherance of this intent. Because a four foot tall fence surrounds Elshikh's backyard and respondent was seen in the backyard, a rational trier of fact could draw a reasonable inference that respondent jumped over the fence in order to get into Elshikh's backyard. Thus, respondent committed an act that went beyond mere preparation when he jumped the fence surrounding Elshikh's backyard and proceeded to get "so close" to the back window of the house. Therefore, respondent acted in furtherance of his intent to enter Elshikh's dwelling, by breaking or without permission, and to commit a larceny or felony inside the dwelling. When viewed in the light most favorable to the prosecution, sufficient evidence was presented to establish that respondent attempted to enter Elshikh's dwelling, by breaking or without permission, with the intent to commit a felony or a larceny in the dwelling.

Respondent next contends that the trial court did not make adequate findings of fact pursuant to MCR 2.517(A)(1) and relied on improper evidence when it reached its verdict. We disagree.

This Court reviews a trial court's factual findings for clear error. *People v Garland*, 286 Mich App 1, 7; 777 NW2d 732 (2009). A finding is clearly erroneous if, after a review of the entire record, this Court is left with a definite and firm conviction that a mistake has been made. *People v Shipley*, 256 Mich App 367, 373; 662 NW2d 856 (2003). The interpretation of a court rule is a question of law that is reviewed de novo. *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009), citing *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002).

-2-

MCR 2.517(A) provides:

> (1) In actions tried on the facts without a jury or with an advisory jury, the court shall find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment.

> (2) Brief, definite, and pertinent findings and conclusions on the contested matters are sufficient, without overelaboration of detail or particularization of facts.

A trial court's failure to find every element does not necessarily render a trial court's findings insufficient, particularly when the trial court was aware of the factual issue, the trial court resolved the issue, and it would not facilitate appellate review to require further explanation of the path the trial court followed in reaching the result. *People v Jackson*, 390 Mich 621, 627 n 3; 212 NW2d 918 (1973). "If the trial court was aware of the issues in the case and correctly applied the law to the facts, its findings are sufficient." *People v Lanzo Constr Co*, 272 Mich App 470, 479; 726 NW2d 746 (2006).

The factual issue in this case was whether respondent was near the window of Elshikh's house or if respondent remained in his car and did not approach Elshikh's house. Prior to adjudicating respondent responsible, the trial court summarized the testimony that was presented at trial. The trial court stated that respondent's testimony put him at the location on someone else's property. The trial court also found Elshikh's testimony, that respondent was "so close" to the window, to be credible. The trial court ultimately found that respondent was in the back yard and in the vicinity of the window of the house. Although the trial court did not specifically find every element of the charged offense, the trial court was aware of the factual issue and the trial court resolved the issue. Further, it would not facilitate appellate review to require further explanation of the path the trial court followed in reaching the result. *Jackson*, 390 Mich at 627 n 3. Because the trial court was aware of the issues in the case and correctly applied the law to the facts, *Lanzo Constr Co*, 272 Mich App at 479, its findings are sufficient.

Respondent next contends that the trial court relied on improper evidence when reaching its verdict. It is well established in Michigan that a judge in a bench trial must arrive at his or her decision based upon the evidence in the case. *People v Simon*, 189 Mich App 565, 568; 473 NW2d 785 (1991). The judge may not go outside the record in determining guilt. *Id.* at 568, citing 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 630, p 285. When the factfinder relies on extraneous evidence, the defendant is denied his constitutional right to confront all the witnesses against him and to get all the evidence on the record. *Simon*, 189 Mich App at 568 citing, *People v Ramsey*, 385 Mich 221, 224-225; 187 NW2d 887 (1971).

It is also well established that factfinders may and should use their own common sense and everyday experience in evaluating evidence. *Simon*, 189 Mich App at 567, citing CJI2d 2.6(2). The scope of the doctrine is limited strictly to a few matters of elemental experience in human nature, commercial affairs, and everyday life. *Simon*, 189 Mich App at 568, citing 9 Wigmore, Evidence (Dhadbourn rev), § 2570, p 726.

In this case, the trial court stated: "Well, I've never known of someone who commits a criminal act who doesn't have a look-out or who is not paying attention to their surroundings.

You're the first." Evidence was presented that respondent and Alziyadi were the only two people in Elshikh's backyard and that Alziyadi and respondent were both close to the house. Further, evidence was presented that respondent "wasn't really paying attention at the time to see if there was anyone else around." The trial judge was merely expressing her common sense and everyday experience in evaluating the evidence that was presented when she commented that she had never known of someone who commits a criminal act without a lookout or without paying attention to their surroundings. Because a factfinder should use his or her own common sense and everyday experience in evaluating evidence, *Simon*, 189 Mich App at 567, citing CJI2d 2.6(2), the trial court did not rely on improper evidence.

Respondent also argues that the trial court committed error because it relied on the fact that Alziyadi pleaded guilty as a result of the incident when reaching its verdict. However, the trial court did not rely on this fact when making its determination as the trial court stated that it "heard of this information after [it] made [its] decision and after [it] heard all of the testimony." Therefore, respondent's argument is without merit as the trial court explicitly said that it was informed of Alziyadi's plea after making its decision. Thus, the trial court did not rely on improper evidence when reaching its verdict.

Affirmed.


/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood

-4-