*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT JAMES KARDASZ,

Defendant-Appellant.

UNPUBLISHED
November 19, 2019

No. 343545
Macomb Circuit Court
LC No. 2017-002252-FC

Before: CAMERON, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Defendant, Robert James Kardasz, appeals as of right his jury trial conviction of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(a) (penetration of a victim under 13 years of age).[1] Kardasz was sentenced to 360 to 550 months' imprisonment. We affirm Kardasz's conviction but vacate his sentence and remand for resentencing.

Kardasz's conviction stems from his sexual abuse of his then five-year-old daughter. The victim alleged that Kardasz vaginally and orally penetrated her, and Kardasz was charged with two counts of first-degree CSC. Kardasz's theory at trial was that he did nothing wrong and that the victim's grandmother or mother must have coached the victim to lie about the abuse. The jury convicted Kardasz for the count of CSC alleging oral penetration, but the jury was unable to reach a unanimous verdict on the count alleging vaginal penetration. Kardasz was sentenced to a term of imprisonment, and this appeal followed.

---

[1] The jury was unable to reach a unanimous verdict on a second count of first-degree CSC. The prosecution decided not to retry Kardasz and moved to dismiss the second count of first-degree CSC without prejudice. The trial court granted the motion.

## I. PROSECUTORIAL MISCONDUCT

Kardasz argues that the prosecutor committed misconduct that affected his substantial rights when the prosecutor made comments during her closing argument (1) that appealed to the jury's sympathy; (2) that bolstered the victim's credibility; (3) that contained facts not in evidence; and (4) that denigrated defense counsel. We agree that some of the prosecutor's comments were improper, but nonetheless conclude that Kardasz is not entitled to a new trial.

"To preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Because that did not occur here, we apply the plain-error rule, which requires that "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error has affected a defendant's substantial rights when there is "a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Moreover, "once a defendant satisfies these three requirements, . . . [r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and citation omitted; alteration in original). A defendant bears the burden of persuasion with respect to prejudice. *Id*. at 763. "We will not find error requiring reversal if a curative instruction could have alleviated the effect of the prosecutor's misconduct." *People v Lane*, 308 Mich App 38, 62; 862 NW2d 446 (2014).

"A prosecutor has committed misconduct if the prosecutor abandoned his or her responsibility to seek justice and, in doing so, denied the defendant a fair and impartial trial." *Lane*, 308 Mich App at 62. "A defendant's opportunity for a fair trial can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence." *People v Dobek*, 274 Mich App 58, 63-64; 732 NW2d 546 (2007). "Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *Id*. at 64. "The propriety of a prosecutor's remarks depends on all the facts of the case." *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002). "A prosecutor's comments are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial. Otherwise improper prosecutorial conduct or remarks might not require reversal if they address issues raised by defense counsel." *Dobek*, 274 Mich App at 64 (citations omitted).

### A. APPEALING TO THE JURY'S SYMPATHY

Kardasz first argues that the prosecutor impermissibly appealed to the jury's sympathy in her closing argument. "Appeals to the jury to sympathize with the victim constitute improper argument." *People v Watson*, 245 Mich App 572, 591; 629 NW2d 411 (2001). "The prosecutor commits misconduct when he or she invites jurors to suspend their powers of judgment and decide the case on the basis of sympathy or civic duty." *Lane*, 308 Mich App at 66.

During her closing argument, the prosecutor argued the following:

So every victim in every crime loses something, whether it is money, whether it's property, whether it's time healing from wounds, sometimes it's a loved one, but these cases are different. These cases cause a victim to lose a sense of trust. They lose a sense of self, they lose a sense of security. These are not cases that happen where they can be witnessed by someone else. These are cases that are not disclosed right away and many times there aren't—these are cases that happen when no one else is around to protect the victim. These are cases that happen in the cloak of night, in a basement, when no one is there to protect a five or six year old. These cases are done by the assailant in a way that discourages disclosure.

Your verdict of guilty will not restore [the victim] to her former self. She maybe [sic] going along in life and seemingly be handling life in a pretty good manner, and then, all of a sudden, hits a wall because of what happened to her in that basement at the hands of her father when she was five.

[The victim] deserves the same opportunity to be believed that any other adult witness deserves. [The victim] deserves a verdict that speaks the truth and that is guilty as to both counts and I ask that, when you go back in the jury room and you think about this case and put all those pieces together, that you find [Kardasz] guilty of both counts of criminal sexual conduct in the first degree.

We conclude that the prosecutor's closing argument contained improper appeals to the jury's sympathy. More specifically, the prosecutor's comments about the victim's "former self" and the lasting effects the sexual assault would have on her in the future served no purpose other than to appeal to the jury's sympathy. Similarly, the prosecutor's generalizations about victims of sexual assault seem to have no other purpose than to appeal to the jury's sympathy. However, the prosecutor did not urge the members of the jury to ignore the evidence or to suspend their powers of judgment to convict on the basis of sympathy. See *Lane*, 308 Mich App at 66. Rather, the prosecutor concluded her appeal to the jury's sympathy by urging the jury to give the victim the same consideration as they would an adult victim and to reach a verdict that "speaks the truth." See *id.* (finding the prosecutor's request "to stand up for justice" for the victim was not prosecutorial misconduct). Therefore, when considering the prosecutor's arguments in context, we conclude that the prosecutor did not abandon her responsibility to seek justice. See *id.* at 62. Instead, the prosecutor urged the jury to find Kardasz guilty on the basis of the evidence and its sense of judgment and that, as a result, the victim would have justice. See *id.* at 66. Consequently, Kardasz has failed to establish plain error.

We further conclude that the standard jury instructions provided to the jury lessened any remaining effect of the prosecutor's inappropriate argument. We presume that jurors follow the trial court's instructions. *People v Gayheart*, 285 Mich App 202, 210; 776 NW2d 330 (2009).

At the beginning of trial, the trial judge issued a standard preliminary instruction with respect to what constitutes evidence:

> After all the evidence has been presented, the prosecutor and [Kardasz's] lawyer will make their closing arguments. Like the opening statements, these are not evidence. They are only meant to help you understand the evidence and the way each side sees the case. You must base your verdict only on the evidence.

> * * *

> Evidence includes only the sworn testimony of witnesses, the exhibits admitted into evidence, and anything else I tell you to consider as evidence.

After closing arguments, the trial judge again issued the following standard instruction:

> Many things are not evidence. You must be careful not to consider them as such. I will now describe some of the things that are not evidence. . . . The lawyers['] statements and arguments are not evidence. They are only meant to help you understand the evidence and each side's legal theories. You should only accept things the lawyers say that are supported by evidence or by your own common sense and general knowledge. . . . You're the only judges of the facts, you should decide the facts from evidence.

Accordingly, the jury was instructed at the beginning and end of trial that the comments that the prosecutor made during closing arguments did not constitute evidence. Additionally, when issuing the final instructions, the trial court instructed the jurors that they must not let sympathy or prejudice influence their decision. As already stated, jurors are presumed to follow their instructions. See *Gayheart*, 285 Mich App at 210. Because we conclude that these standard instructions were sufficient to cure any remaining prejudicial effect, Kardasz has failed to establish plain error affecting his substantial rights.

Kardasz also argues that the prosecutor appealed to the jury's sympathy when she explained the events the victim had to go through leading up to trial. Specifically, the prosecutor stated the following during closing argument:

> So why should you believe [the victim]? She has no reason to lie. So why do kids lie? Well, kids lie for the same reason that adults lie, to get out of trouble, to stay out of trouble, to get attention, or to get someone else into trouble. So consider this: Since April 23rd, 2017, she has had to endure an invasive external genital exam in the emergency room at the age of five; she's had to testify in two different courts; she's had to be watched over by two different judge[s] in each of those courts; she's been questioned by two lawyers about private parts on two different occasions . . .; she's had to talk about these things in front of 14 strangers in this forum, in this environment, with a microphone, so that everybody could hear all those intimate words that five, six year olds don't like to say to anyone anyway; and, she's had to do all that while [Kardasz] has been present.

We conclude that these arguments were not improper because they were used by the prosecutor to support that the victim was credible, which was a key issue at trial. See *People v Jackson (On Reconsideration)*, 313 Mich App 409, 426; 884 NW2d 297 (2015) (citation omitted) ("[A] prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes."). Further, as already stated, the trial court instructed the jurors that they were to decide the case based on the evidence and not to let sympathy or prejudice influence their decision. See *Gayheart*, 285 Mich App at 210. Accordingly, Kardasz has failed to establish plain error affecting his substantial rights.

## B. BOLSTERING THE VICTIM'S CREDIBILITY

Next, Kardasz argues that the prosecutor improperly bolstered the victim's credibility. We disagree.

A prosecutor may not vouch for the credibility of a witness to the effect that he has some special knowledge that the witness is testifying truthfully. *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009). A prosecutor may, however, argue from the facts in evidence that a witness is worthy of belief. *Dobek*, 274 Mich App at 66.

During closing arguments, the prosecutor highlighted the fact that the victim testified without anyone else in the courtroom.[2] Specifically, the prosecutor said "there was nobody here influencing what she said, there was nobody here to encourage what she said, there was no one here nodding their head yes, or shaking their head no."

We conclude that the prosecutor's remarks were a proper response to Kardasz's theory of the case that the victim had been coached by her grandmother or mother to lie about the abuse, see *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004), and a proper credibility argument for the jury's consideration, see *Dobek*, 274 Mich App at 66. Importantly, at no point did the prosecutor imply that she had special knowledge that the victim was testifying truthfully. Rather, the prosecutor simply pointed out that the victim's grandmother and mother were not in the courtroom during the victim's testimony, which the jurors were able to observe on their own during the victim's testimony. Moreover, even if Kardasz could establish that the comments amounted to improper bolstering, the jurors were instructed that the prosecutor's arguments were not evidence, that they were the only judges of the facts, and that they must decide which witnesses they believed. As already stated, jurors are presumed to follow their instructions. See *Gayheart*, 285 Mich App at 210. Thus, Kardasz has failed to establish plain error affecting his substantial rights.

---

[2] Before trial, the prosecutor moved the trial court to close the courtroom to the public during the victim's testimony pursuant to MCL 600.2163a. Kardasz did not oppose the motion, and the trial court granted the prosecutor's motion. Accordingly, the victim's mother and grandmother were not present in the courtroom during the victim's testimony.

## C. ARGUING FACTS NOT IN EVIDENCE

Kardasz argues that the prosecutor argued facts not in evidence when she stated: "Why else should you believe the details [the victim] provided you, details about an experience that a six year old can't provide you unless it happened to her? No six year old can describe the mechanics of body position that is necessary for a penis to go inside a vagina, unless it happened to her." Kardasz contends this argument was improper because there was no testimony in support of the prosecution's assertion and because the prosecution's repeated references to the victim's age was an improper appeal to the jury's sympathy. We disagree given that "[i]t is well known that factfinders may and should use their own common sense and everyday experience in evaluating evidence." *People v Simon*, 189 Mich App 565, 567; 473 NW2d 785 (1991). The prosecutor's argument that a six year old generally lacks detailed knowledge about the mechanics of sexual intercourse was a permissible appeal to the jury to exercise its common sense and everyday experience when evaluating the evidence, which the trial court instructed the jury it should use.[3] Additionally, the prosecutor's reference to the victim's age was not an appeal to the jury's sympathy. Rather, it was part of the prosecutor's argument that the victim's age-inappropriate sexual knowledge was derived from the sexual assaults that Kardasz perpetrated on the victim.[4] Furthermore, even if the prosecutor's comment was improper, a jury instruction could have cured any prejudice. See *Lane*, 308 Mich App at 62. Thus, Kardasz has not shown plain error affecting his substantial rights.

## D. DENIGRATING DEFENSE COUNSEL

Kardasz next argues that the prosecutor improperly denigrated defense counsel when she argued that defense counsel asked the victim the "wrong question" when he asked the victim if the abuse happened "lots of times." It is well established that a "prosecuting attorney may not personally attack defense counsel," *People v McLaughlin*, 258 Mich App 635, 646; 672 NW2d 860 (2003), or "suggest that defense counsel is intentionally attempting to mislead the jury," *People v Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008) (citation omitted). Here, however, the prosecutor did not personally attack defense counsel or suggest that he was attempting to misled the jury. Instead, the prosecutor was offering a possible explanation about why the victim's testimony at trial differed from her testimony at the preliminary examination.[5] Furthermore, even if the prosecutor's comment was improper, a jury instruction could have

---

[3] See M Crim JI 3.5(9).

[4] At no point did Kardasz attempt to admit evidence of the victim's sexual history to support that the victim's age-inappropriate sexual knowledge came from a source other than Kardasz. See *People v Morse*, 231 Mich App 424, 434; 586 NW2d 555 (1998) (holding that, under narrowly drawn circumstances, evidence of a child's prior sexual conduct is admissible to rebut "the inferences that flow from a display of unique sexual knowledge. . .").

[5] Based on the record before us, it appears that the victim was asked at the preliminary examination if Kardasz sexually abused her "lots of times" and that the victim responded "no." When asked at trial, the victim agreed that the abuse occurred "lots of times."

cured any prejudice. See *Lane*, 308 Mich App at 62. Thus, Kardasz has not shown plain error affecting his substantial rights.

## E. CUMULATIVE ERROR

Finally, Kardasz argues in a cursory manner that he was "deeply prejudiced by the cumulative effect of the prosecutor's comments during closing [arguments]." To the extent that Kardasz is attempting to argue cumulative error based on the prosecutor's alleged misconduct, the argument is waived because the issue was not stated in the statement of questions presented, *People v Brown*, 239 Mich App 735, 748; 610 NW2d 234 (2000), and Kardasz cites no authority in support of the argument, *People v Hanna*, 223 Mich App 466, 470; 567 NW2d 12 (1997). To the extent that we have considered the argument, we conclude that the minor errors identified above did not aggregate to deny Kardasz a fair trial. See *People v Ackerman*, 257 Mich App 434, 454; 669 NW2d 818 (2003).

## II. SENTENCE

Finally, Kardasz argues that he is entitled to resentencing because the trial court sentenced him to a term of imprisonment that exceeded the 25-year statutory minimum without explaining why an additional five years was proportionate. We agree.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). The standard of review is abuse of discretion. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A trial court abuses its discretion when it applies a minimum sentence that violates the principles of proportionality or "by failing to provide adequate reasons for the extent of the departure sentence imposed." *Id.* at 476.

"[A] sentence is reasonable under *Lockridge* if it adheres to the principle of proportionality set forth in [*People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990)]." *People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019), citing *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). Factors that a trial court may consider under the proportionality standard include the following:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Lampe*, 327 Mich App at 126, quoting *Walden*, 319 Mich App at 330 (citation omitted).]

In this case, Kardasz was convicted of first-degree CSC. The trial court scored the guidelines and determined that Kardasz's guidelines minimum sentence range was 108 to 180 months' imprisonment. However, the statute under which Kardasz was convicted mandates a minimum sentence of 25 years (300 months). See MCL 750.520b(2)(b). When sentencing Kardasz to a minimum term of 30 years' imprisonment, the trial court stated the following:

Policy of the State of Michigan favors individualized sentencing for every convicted defendant. The sentence must be tailored to fit the particular circumstance of the case, as well as the defendant. I did read the letters. The letters that I received proclaim your innocence and really that belies the evidence that the court heard at the trial. It also contradicts what I have within the pre-sentence investigative report.

A big part of this defense, Mr. Kardasz, was that your daughter was somehow influenced by either her mother or grandmother and the fact is that I heard [the victim's mother's] testimony, she did not seem to have any ill will toward you, there is no reason to believe that there was any motivation on her part or her mother's part to influence your daughter . . . to testify against you. The court does not see any reason for that to have occurred. The fact is, [the victim's] grandmother didn't even report this for months on, even after initially being confided in by [the victim]. The court just believes that sentiment on behalf of those that love you and have shared those letters with me just is not grounded in reason and in fact but emotion.

And so the court really, really puts legal emphasis on what [the victim's mother] just said, that [the victim] is having a hard time grasping this and in all candor the court is having a difficult time processing what had occurred, and the fact you did this to your own daughter, it just defies everything that we value as a father, what a father can value. I just can't imagine how she is going to have to go through life with this in her past. She is going to have to live with this forever. And, as [the victim's mother] just said, and she testified to in this trial, she misses her dad. It's just, it's beyond pale.

The trial court's sentencing rationale primarily focused on the emotional impact Kardasz's offense had, and would continue to have, on the victim and the father-daughter relationship between herself and Kardasz. Kardasz's familial relationship with the victim was a factor that is not considered by the guidelines, and therefore could be used by the trial court to justify its sentence. See *Lampe*, 327 Mich App at 126-127. However, the trial court did not provide any explanation whatsoever as to why the sentence the court imposed was more proportionate than a different sentence, such as the mandatory minimum, would have been. Without further explanation, we cannot evaluate whether the sentence was proportionate to the circumstances of the crime and Kardasz. Therefore, we remand for resentencing. See *Steanhouse*, 500 Mich at 476. On remand, the trial court must either impose the 25-year minimum sentence or, if it again decides to sentence Kardasz to a term of imprisonment that exceeds the 25-year statutory minimum, the trial court must explain why such a sentence is proportionate. In doing so, the trial court may consider factors that are not considered by the guidelines.

-8-

Kardasz's conviction is affirmed, but we vacate Kardasz's sentence and remand for resentencing.  We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro