PEOPLE v MILTON

Docket No. 234080. Submitted April 9, 2003, at Detroit. Decided July 8,
2003, at 9:15 A.M. Leave to appeal sought.

Sam W. Milton, who was a lieutenant in the city of Ecorse Police
Department, was convicted by a jury in the Wayne Circuit Court,
Maggie W. Drake, J., of assault and battery, MCL 750.81, and mis-
conduct in office, MCL 750.505, after he assaulted an uncooperative
prisoner who was brought to the police station while the defendant
was in command. The prisoner refused to clean up dog feces that
had dropped from his clothing in the station, and the defendant,
among other acts, punched, kicked, and struck the prisoner with
nun-chucks a number of times in an attempt to make the prisoner
comply. The prisoner was eventually forced to clean up the feces
with the shirt he was wearing, and was then stripped naked and
placed in a cell, where he allegedly had a seizure and required
emergency medical attention. The defendant appealed, arguing that
the trial court erred in denying his motion to quash the charge of
misconduct in office, because his only act of misconduct, the
assault, was already punishable under the assault statutes, and
therefore he could not also be charged with misconduct in office
under MCL 750.505.

The Court of Appeals *held*:

1. It is undisputed that misconduct in office by a law enforce-
ment officer is an indictable offense under the common law. Fur-
thermore, there is no statute expressly providing punishment for
such an offense. Here, the defendant was properly charged with
misconduct in office, because it is the charge of misconduct in
office, not the charge of assault, which is the "indictable offense at
the common law . . . the punishment of which no provision is
expressly made by any statute of this state." MCL 750.505. Thus,
the defendant's argument that he could not be charged with both
offenses is without merit. Similarly, the defendant's arguments that
his misconduct consisted solely of his assaultive behavior, and that
if the Court of Appeals allowed his conviction to stand it would
"strike fear in the hearts of police officers throughout this state,"
are without merit. The defendant's conduct consisted not just of
beating the prisoner, but of demoralizing, humiliating, oppressing,

and intimidating the prisoner simply because the defendant, cloaked in the power vested in him by the state, was in a position to do so. Moreover, if the instant holding will "strike fear" in the hearts of police officers such that no public officer under color of the office will feel entitled to behave in the egregious manner that this defendant did, it will achieve a result that will benefit the criminal justice system.

2. The trial court properly instructed the jury on all the elements of the offense of misconduct in office, including the type of misconduct necessary to support a conviction.

Affirmed.

PUBLIC OFFICERS — MISCONDUCT IN OFFICE — POLICE OFFICERS.

A police officer may properly be charged with and convicted of both misconduct in office and assault (MCL 750.505).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael E. Duggan*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Don W. Atkins*, Deputy Chief, Recruitment and Appeals, for the people.

*James Sterling Lawrence* for the defendant.

Before: METER, P.J., and CAVANAGH and COOPER, JJ.

CAVANAGH, J. Defendant Sam W. Milton appeals as of right his jury convictions of assault and battery, MCL 750.81, and misconduct in office, MCL 750.505. We affirm.

Defendant was a lieutenant with the Ecorse Police Department and shift commander at the police station when a boisterous and uncooperative prisoner was brought to the station for lockup. While being processed in the squad room, dog feces dropped from the prisoner's pant leg and, after refusing to clean up the mess, the prisoner was taken to the lockup area and defendant was notified. Defendant entered the lockup area and demanded that the prisoner clean up

the mess. When the prisoner refused, defendant had the cell door opened, he then grabbed the prisoner by his shirt, pulled him out of his cell, slammed him into some lockers, and proceeded to hit him in the face, knocking him to the floor. While the prisoner was lying on his back on the floor, defendant began striking the prisoner's arms and legs with nun-chucks.

Defendant then picked up the prisoner off the floor by his shirt, pushed him toward the door of the cell-block, and knocked him down to the floor again with an open-hand strike to the head. After the prisoner was once again on his feet and moving down the hallway toward the squad room where the feces was located, defendant knocked the prisoner to the floor for a third time, with a blow to the face. While the prisoner was on the ground, defendant kicked him in the abdomen. When the prisoner again refused to clean up the mess, defendant stood on the prisoner's hand and bounced up and down, causing the prisoner to wince in pain. The prisoner then crawled into the squad room and was forced to use the shirt he was wearing to pick up the feces and clean the floor. Defendant then instructed another officer to take the prisoner outside to the dumpster so that he could throw his shirt and other cleaning materials away. Defendant also instructed the officer to shoot the prisoner if he ran. Defendant then ordered another officer to strip the prisoner naked and place him in a cell. Thereafter, the prisoner was stripped naked and left in a cold cell where he apparently had a seizure and required emergency medical attention.

Two officers who witnessed defendant's conduct reported the incident to the department's deputy chief. Subsequently, defendant was charged with

(1) the common-law offense of misconduct in office under MCL 750.505 for the "mistreatment of [a prisoner] in the custody of the Ecorse Police Department" and (2) assault with a dangerous weapon (nunchucks) under MCL 750.82. Before trial, defendant moved to quash the information regarding the charge of misconduct in office, arguing that MCL 750.505 expressly barred the charge since the only incident of misconduct was the assault, which was within the ambit of the assault statutes. The trial court denied the motion. The matter proceeded to a jury trial and defendant was found guilty of "misconduct in office, mistreatment of prisoner," and assault and battery, a lesser offense of felonious assault. Defendant appeals.

Defendant argues that his motion to quash the misconduct in office count should have been granted by the trial court because the statutory requirements of MCL 750.505 were not met since defendant's conduct fell within the ambit of the assault statutes. We disagree. Whether defendant could properly be charged with misconduct in office, as well as assault, presents a question of law that we review de novo. See *People v Coutu*, 459 Mich 348, 353; 589 NW2d 458 (1999).

MCL 750.505 provides:

Any person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this state, shall be guilty of a felony . . . .

Here, it is uncontested that "misconduct in office" by a law enforcement officer is an "indictable offense at the common law." See *Coutu, supra* at 353-355. The common-law offense of misconduct in office has been defined as " 'corrupt behavior by an officer in the

exercise of the duties of his office or while acting under color of his office.' " *Id.* at 354, quoting Perkins & Boyce, Criminal Law (3d ed), p 543. A charge of misconduct is sustainable when it sets forth (1) malfeasance, committing a wrongful act, or (2) misfeasance, performing a lawful act in a wrongful manner, or (3) nonfeasance, failing to do an act required by the duties of the office. See *People v Coutu (On Remand)*, 235 Mich App 695, 705-706; 599 NW2d 556 (1999), citing *People v Thomas*, 438 Mich 448, 458; 475 NW2d 288 (1991), citing Perkins & Boyce, *supra* at 540.

To convict on the charge of misconduct in office, the prosecutor must prove that the defendant (1) is a public officer, (2) the misconduct occurred in the exercise of the duties of the office or under the color of the office, and (3) is corrupt behavior. See *People v Carlin (On Remand)*, 239 Mich App 49, 64; 607 NW2d 733 (1999). " '[C]orruption,' as an element of misconduct in office, is used in the sense of depravity, perversion or taint." Perkins & Boyce, *supra* at 542. "Pursuant to the definitions [of depravity, perversion, and taint], a corrupt intent can be shown where there is intentional or purposeful misbehavior or wrongful conduct pertaining to the requirements and duties of office by an officer." *Coutu (On Remand)*, *supra* at 706. "If the acts alleged against defendants demonstrate a tainted or perverse use of the powers and privileges granted them, or a perversion of the trust placed in them by the people of this state, who expect that law enforcement personnel overseeing inmates will do so in a manner that is fair and equitable, they are sufficient to sustain a charge of misconduct in office." *Id.* at 707.

Here, it is undisputed that defendant was a public officer and that the misconduct against the prisoner occurred during the exercise of defendant's duties or under the color of the office. Further, it is apparent that defendant's misconduct was intentional, i.e., resulted from a corrupt intent, in that his acts "demonstrate a tainted or perverse use of the powers and privileges granted them, or a perversion of the trust placed in them by the people of this state, who expect that law enforcement personnel overseeing inmates will do so in a manner that is fair and equitable." *Id.* Nevertheless, defendant claims that he cannot be convicted under MCL 750.505 because his specific misconduct, assault and battery, was also prohibited by the assault statutes and, thus, is not one "for the punishment of which no provision is expressly made by any statute of this state." MCL 750.505. However, the misconduct in office charge is the "indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this state." *Id.* There is no statute that expressly provides punishment for misconduct in office; therefore, defendant's argument is without merit.

Defendant's reliance on *Thomas, supra,* is misplaced. In *Thomas,* the defendant police officer was charged under MCL 750.505 with a common-law count of obstruction of justice for making a false statement in a police report. The circuit court quashed that charge on the ground that it was precluded by the statutory offense of willful failure to uphold the law, MCL 752.11. Our Supreme Court, quoting *People v Davis,* 408 Mich 255, 274; 290 NW2d 366 (1980), noted that "when a 'charge sets forth all

the elements of the statutory offense,' a conviction under MCL 750.505; MSA 28.773 cannot be sustained." *Thomas, supra* at 453. After comparing the requirements of MCL 752.11 with common-law obstruction of justice, our Supreme Court held that the defendant could be charged with obstruction of justice because the statute "merely proscribes the wilful and knowing failure to uphold the law, acts of omission. It does not include the act of the defendant police officer in this case of falsifying a police report, an act of commission." *Thomas, supra* at 455. However, the Court held that the defendant could not be convicted of obstruction of justice because, given the facts of that case, the defendant's conduct did not constitute "obstruction of justice." *Id.* at 455-458.

Here, defendant was charged with misconduct in office and felonious assault, but was convicted of the lesser offense of assault and battery and misconduct in office. We previously set forth the necessary elements of misconduct in office, but summarize them as the corrupt behavior by a public officer in the exercise of his official duties or under color of the office. In contrast, an "assault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery," and "[a] battery is the consummation of an assault." *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996). Obviously, the misconduct in office charge did not set forth all the elements of the statutory offense of assault and battery, MCL 750.81; accordingly, a charge of misconduct in office was not precluded.

Further, we reject defendant's claims that his misconduct consisted *solely* of his assaultive behavior

and that "[t]his result, if allowed to stand, will strike fear in the hearts of police officers throughout this state." First, defendant was charged with misconduct in office for the "mistreatment of [a prisoner] in the custody of the Ecorse Police Department." This "mistreatment" consisted not just of beating the nonviolent prisoner but of demoralizing, humiliating, oppressing, and intimidating the prisoner simply because defendant, cloaked in the power and authority vested in him by the state, was in a position to do so. Defendant's conduct, aside from the assault and battery perpetrated against the prisoner, was reprehensible and, at the very least, constituted "misconduct" within the contemplation of the misconduct in office offense. Therefore, to the extent that defendant is arguing that he is being punished twice for the same predicate behavior, such claim is rejected. Further, the concern expressed in *Coutu (On Remand)*, *supra* at 705, that charges should not be brought under MCL 700.505 if the conduct charged is more properly charged under another statute, is not present because there is no specific statute that prohibits the kind of behavior that defendant, a public official, exhibited against the prisoner.

Second, if our holding "will strike fear in the hearts of police officers throughout this state" so that no public officer, under color of the office, will feel entitled to behave in the egregious manner that this defendant did, it would achieve a result that will certainly benefit our criminal justice system. A badge, although a shield offering protection against the imposition of criminal and civil liability for legitimate acts attendant to the performance of official duties, is not a license to perpetrate crimes against, or to ter-

rorize, people during the performance of those duties. When a misguided police officer abuses or contorts the special privileges and powers afforded the officer, a public confidence is breached, resulting in a unique harm to society that threatens our system of justice. See, e.g., *Davis, supra* at 277. Therefore, defendant's concern that public officers will be afraid to mistreat prisoners for fear of criminal reprisal accomplishes a reasonable objective behind criminalizing misconduct in office, and supports its continued viability. Further, defendant's fear that, in light of this result, "any malfeasance on the part of a police officer would constitute misconduct in office" is unfounded. Only malfeasance committed during the exercise of the duties of office or under color of the office *and* that results from corrupt behavior constitutes misconduct in office.

Finally, we reject defendant's claim that the trial court's jury instructions on the misconduct in office charge were deficient. Claims of instructional error are reviewed de novo. *People v Hall,* 249 Mich App 262, 269; 643 NW2d 253 (2002). In reviewing claims of error in jury instructions, we examine the instructions in their entirety. *People v Aldrich,* 246 Mich App 101, 124; 631 NW2d 67 (2001). "Jury instructions must include all the elements of the charged offense and must not exclude material issues, defenses, and theories if the evidence supports them." *People v Canales,* 243 Mich App 571, 574; 624 NW2d 439 (2000). Even if the instructions are imperfect, there is no error if they fairly presented the issues to be tried and sufficiently protected the defendant's rights. *Aldrich, supra.*

Here, defendant claims that under the instruction given "any misconduct found by the jury on the part of the Defendant whether it be indictable at common law or not would form the foundation for a conviction." However, review of the record reveals that the trial court instructed the jury on the elements of the misconduct in office offense, including that to convict defendant they must find that (1) he was a public officer, (2) who, in the performance of his official duties or under the color of his office, (3) acted with a corrupt intent when he performed any act that was wrongful, or any lawful act in a wrongful manner, or failed to act when he was required to act. The trial court also explained that "[c]orrupt intent can be shown where there is intentional or purposeful misbehavior or wrongful conduct pertaining to the requirements and duties of office by the officer." Consequently, we conclude that the contested jury instructions accurately stated the applicable law and that the jury was properly instructed.

Affirmed.