*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DANI RAY MALM,

      Defendant-Appellant.

UNPUBLISHED
February 16, 2023

No. 357503
Leelanau Circuit Court
LC No. 12-001770-FC

Before: GLEICHER, C.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Defendant appeals by right from his resentencing after remand. We vacate those sentences and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2012, defendant was convicted, following a jury trial, of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b)(*ii*) (victim between 13 and 16 years old and related to defendant). The trial court originally sentenced defendant to concurrent prison terms of 18 to 40 years for each of the three counts, with lifetime electronic monitoring.[1] Defendant appealed, and this Court affirmed his convictions and sentences.[2] However, the Michigan Supreme Court entered an order reversing in part and remanding the case, directing the trial court to determine whether it would have imposed the same sentence in light of *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015), and if not, to resentence defendant. *People v Malm*, 498 Mich 901 (2015). There is no indication in the record that the trial court complied with this order. Defendant filed successive motions for relief from judgment, which the trial court denied without

---

[1] The minimum sentence imposed (i.e., 18 years, or 216 months, was within the then-mandatory guidelines minimum sentence range of 171 to 285 months.

[2] *People v Malm*, unpublished per curiam opinion of the Court of Appeals, issued April 1, 2014 (Docket No. 312486), p 1, rev'd in part 498 Mich 901.

addressing the Supreme Court's 2015 order. Defendant appealed the trial court's denial, and this Court again remanded the case, directing the trial court to address defendant's assertion that the trial court had failed to comply with the Supreme Court's 2015 remand order.[3] On remand, the trial court resentenced defendant to serve concurrent sentences of 22 to 40 years in prison for defendant's three CSC-I convictions and subjected defendant to lifetime electronic monitoring under MCL 750.520n.

## II. COMPLIANCE WITH REMAND ORDER

Defendant raises several claims of error on appeal; however, we need not address them, because it is clear that the trial court failed to comply with our remand order and again appears to have failed to comply with our Supreme Court's 2015 remand order. When an appellate court remands a case with specific instructions, a trial court is required to follow those instructions. *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012). Whether the trial court exceeded the scope of its authority on remand is a question of law that we review de novo. *People v Milton*, 257 Mich App 467, 470; 668 NW2d 387 (2003).

In *Lockridge*, 498 Mich at 391, the Michigan Supreme Court held that Michigan's minimum sentencing guidelines scheme was unconstitutional to the extent that the guidelines were mandatory and "[struck] down the requirement of a substantial and compelling reason to depart from the guidelines range."[4] The Michigan Supreme Court held in Part VI of its opinion in *Lockridge* that

> all defendants (1) who can demonstrate that their guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure can establish a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry. [*Id*. at 395.]

The Court also specified that for sentences that were imposed before *Lockridge*,[5] a trial court should, on remand, use the procedures set forth in *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005). *Id*. Cases that are remanded for resentencing consideration under *Lockridge* are referred to as a "*Crosby* remand." *People v Odom*, 327 Mich App 297, 306; 933 NW2d 719 (2019). A *Crosby* remand is " 'not for the purpose of a required resentencing, but only *for the*

---

[3] *People v Malm*, unpublished order of the Court of Appeals, entered January 19, 2021 (Docket No. 354835). The Michigan Supreme Court denied defendant's application for leave to appeal our January 19, 2021 order. *People v Malm*, 508 Mich 925 (2021).

[4] In assessing "whether the Michigan sentencing guidelines violate a defendant's Sixth Amendment fundamental right to a jury trial," the Supreme Court in *Lockridge* described the unconstitutional deficiency as follows: "That deficiency is the extent to which the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range." *Lockridge*, 498 Mich at 364.

[5] *Lockridge* was decided on July 29, 2015.

*more limited purpose of permitting the sentencing judge to determine whether to resentence, now fully informed of the new sentencing regime, and if so, to resentence . . . .'"* *Lockridge*, 498 Mich at 396 (citation omitted"). Therefore, on a *Crosby* remand, a trial court should "first allow a defendant an opportunity to inform the court that he or she will not seek resentencing." *Lockridge*, 498 Mich at 398. If the defendant does not notify the court that he will not seek resentencing, the trial court should "obtain the views of [defendant's] counsel in some form" before deciding whether or not it "would have imposed a materially different sentence but for the unconstitutional constraint" of the previously-mandatory guidelines. *Id.* If, after following this procedure, the trial court decides to resentence defendant, it should consider "only the circumstance existing at the time of the original sentence." *Id.* (quotation marks and citation omitted).

In this case, the Supreme Court specifically ordered the trial court on remand to "follow the procedure described in Part VI of [*Lockridge*]." *Malm*, 498 Mich at 901. The Court further directed that "[i]f the trial court determines that it would have imposed the same sentence *absent the unconstitutional constraint on its discretion*, it may reaffirm the original sentence. If, however, the trial court determines that it would *not* have imposed the same sentence *absent the unconstitutional constraint on its discretion*, it shall resentence the defendant." *Id*. (emphasis added).

The record in this case indicates that the trial court did not follow this procedure. First, the sentencing transcript does not reflect that the trial court allowed defendant an opportunity to inform the court that he would not seek resentencing. The trial court appears to have moved straight into resentencing, albeit while stating, without explanation, that "This matter is back for a re-sentencing. And, the specific instruction . . . of the appellate courts, and there was some equivocation about it at the time whether that was desirable by the defendant or not, but it's been raised again so we have a remand for this proceeding." However, even assuming that defendant was accorded the opportunity to notify the court that he would not seek resentencing, the record shows that the trial court did not consider whether it would have imposed the same sentence *but for the unconstitutional constraint on its discretion*. Rather, the trial court simply made it clear that it had come to believe that defendant's sentence should have been lengthier, stating in relevant part:

> The guidelines as scored are 171 to 185 [sic, 285] months. The 171 is just over 14 years, 285 months is 23 and three quarters years. He was sentenced at that time to 18 years. This is kind of odd, because I've been a judge 28 years, there are a handful of sentences I carry around with me and I would have done differently, mostly I sentence somebody less. This was one I carried around with me I wished I could have sentenced him to more, it's the most egregious sex offense I dealt with. This involved his own daughter at a very small age on through basically her mid teens, she was forced to have sex with this guy and stay in his bed, she probably was confused and didn't know what to do, and this is her life, and it's really an appalling thing. And, I have carried this on for a while, I should have given him more, so unbelievably now I have that opportunity, I guess you could say.

> So, I'm going to sentence the defendant to the Department of Corrections for no less than 22 years, no more than 40 years, credit for 3,279 days time served. There is no financial assessment for reasons we discussed.

That is a sentence within the guideline range. Beyond that, you could—I mean, I could go a lot harder than 22, but I'll stay within them since he was convicted as charged. I say, again, this one I've carried a long—for a long time and I normally would never get a chance to fix a mistake like this, so now that I've got that opportunity. This is not a punitive sentence of something more because I'm angry with [defendant], I'm angry with myself, I failed to do the job the right way the first time. And, the problem with sentencing is once you're done with it you're stuck with it, and this as I say it's one of the sentences I carry around with me and I had a chance to fix my mistake. That's the reasoning.

The trial court's stated rationale makes no reference to the unconstitutional restraint on its discretion by the at-the-time-mandatory sentencing guidelines; rather, the trial court clearly stated that it simply wished it had imposed a lengthier sentence. The fact that the trial court again chose to sentence defendant within the recommended guidelines range (unchanged from defendant's original sentencing) suggests that the then-mandatory nature of the guidelines range did not constrain the trial court in making its original sentencing decision; the trial court was just as free to sentence defendant to a higher sentence within the guidelines range in 2015 as it was in 2021. The trial court was not free to decide to resentence defendant for any reason; it was specifically required by the Supreme Court's order (assuming that defendant sought resentencing) to determine whether resentencing was required because its sentencing discretion had been restrained by the then-mandatory nature of the sentencing guidelines, and to otherwise follow the *Crosby* remand procedure. The record is clear that the trial court exceeded the scope of the remand order. *Russell*, 316 Mich App at 351.

In light of the trial court's error, we vacate defendant's judgment of sentence and again remand for the trial court to comply with the directives of the Supreme Court's 2015 remand order. Because of the trial court's apparently repeated failure to comply with the remand instructions from this Court and the Supreme Court, we conclude that further proceedings on remand should take place before a different judge. See *People v Pillar*, 233 Mich App 267, 270-271; 590 NW2d 622 (1998); *People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997). Because we vacate and remand on these grounds, we need not address defendant's claims of error concerning his sentence.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

-4-