*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 20, 2023

Plaintiff-Appellee,

v

No. 362337
St. Clair Circuit Court
LC No. 19-001015-FH

JACOB JOHN MURPHY,

Defendant-Appellant.

Before: GLEICHER, C.J., and JANSEN and HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his resentencing on remand from this Court in Docket Nos. 351627 and 352683. *People v Murphy*, unpublished opinion of the Court of Appeals, issued November 23, 2021 (Docket Nos. 351627; 352683), p 14.

In Docket No. 351627, a jury found defendant guilty of one count of accosting a child for an immoral purpose, MCL 750.145a, and defendant was sentenced, as a second-offense habitual offender, MCL 769.10, to 12 months' in jail. On remand, regarding Docket No. 351627, defendant was resentenced, as a second-offense habitual offender, to 18 months to six years' imprisonment for his accosting a child for an immoral purpose conviction.

In Docket No. 352683, a jury found defendant guilty of one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d; three counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c; and one count of accosting a child for an immoral purpose. Defendant was initially sentenced, as a second-offense habitual offender, to 120 to 270 months' imprisonment each for the three convictions of CSC-III; 120 to 270 months' imprisonment for the CSC-II conviction; and 48 to 72 months' imprisonment for the conviction of accosting a child for an immoral purpose. On remand in Docket No. 352683, defendant was resentenced to the same sentences. We affirm.

## I. BACKGROUND

The facts underlying this appeal are detailed in defendant's consolidated appeals[1] in Docket Nos. 351627 and 352683:

> Defendant was charged with sexual misconduct involving two teenage girls. Although the offenses were charged together, they were tried separately before two different juries.
>
> * * *
>
> The defendant's trial in 351627 lasted three days. There were several prosecution witnesses including victim RW, defendant's then live-in girlfriend, RW's mother, RW's grandmother, a family friend, and a detective. The direct testimony came from RW. RW testified that there were several occasions that defendant would touch her inappropriately when she was between the ages of 12 and 14. She provided testimony concerning the defendant soliciting her for a sexual relationship during that same time period. RW also described an incident in which defendant exposed himself to her while his penis was erect. The jury convicted defendant of accosting a child for immoral purposes, but found him not guilty of CSC-II and indecent exposure.
>
> The trial in 352683 also lasted three days and was held less than a month after the first trial. Defendant was charged with four counts of CSC-II, one count of CSC-III, and accosting a child for immoral purposes. The victim in that case was, TM, who was defendant's younger half-sister. The charges in that case were not date specific. TM testified that there were four separate incidents when she was 14 or 15 years old, when defendant touched different parts of her body for sexual gratification, including one occasion when he digitally penetrated her vagina. She testified that the defendant touched her multiple times during certain incidents. As with the other trial, there were several other prosecution and defense witnesses. The jury convicted him of three counts of CSC-II, CSC-III, and accosting a child for immoral purposes, but found him not guilty of the fourth count of CSC-II. [*Murphy*, unpub op at 1-2.]

In Docket No. 351627, defendant made three arguments on appeal, unrelated to his sentencing for his conviction regarding RW, including: (1) prosecutorial misconduct; (2) evidentiary errors involving an unrelated matter; and (3) that cumulative errors deprived defendant of a fair trial. *Id*. at 2-7. This Court rejected defendant's contentions of error and affirmed his conviction. *Id*. at 14.

In Docket No. 352683, defendant challenged his convictions and sentences for his offenses involving TM, alleging: (1) prosecutorial misconduct; (2) improper jury instructions; (3)

---

[1] *People v Murphy*, unpublished order of the Court of Appeals, entered February 28, 2020 (Docket Nos. 351627 and 352683).

cumulative error; and (4) sentencing errors. *Id*. at 7-14. This Court held: (1) defendant failed to show the prosecutor's comments regarding TM's credibility were improper; (2) because the prosecutor's comments were not improper, defense counsel's failure to object was not unreasonable or prejudicial; (3) the prosecutor did not improperly argue facts not in evidence because there was record evidence of inconsistent testimony by two witnesses; (4) the failure to give a specific unanimity jury instruction was not a plain error; (5) defense counsel was not ineffective for failing to request a specific unanimity instruction; and (6) because defendant failed to establish multiple errors, there was no cumulative error to support reversal of his convictions. *Id*. at 7-13.

Regarding defendant's challenge to his sentences, this Court found that defendant was entitled to resentencing, noting in particular the trial court's inaccurate statement " 'that the jury in this particular case saw clear to convict you as charged of all of the charges involving your half[-]sister [*TM*].' " *Id*. at 13 (emphasis omitted). As a result, this Court affirmed defendant's convictions, but ruled:

> Although the trial court sentenced defendant within the sentencing guidelines range for CSC-III, given its statement that the jury had convicted defendant on all counts as charged, and its emphasis on the number of convictions, defendant is entitled to resentencing. The trial court's belief that defendant had been convicted of all charges was inaccurate, and its reliance on the number of acts of criminal sexual conduct committed by defendant to justify its sentencing decisions indicates that the inaccuracy might have affected defendant's sentences. Moreover, any consideration of the count for which defendant was acquitted would have also violated *People v Beck*, 504 Mich 605, 609; 939 NW2d 213 (2019), in which our Supreme Court held that due process prohibits a court from finding by a preponderance of the evidence that the defendant engaged in conduct for which he was acquitted and basing a sentence on that finding. Accordingly, we remand for resentencing in Docket No. 352683. [*Id*. at 14.]

Excluding the convictions in Docket Nos. 351627 and 352683, defendant's presentence investigation report (PSIR) indicates that defendant has seven prior juvenile and misdemeanor convictions. Relevant to defendant's current appeal, the PSIR states defendant did not have an attorney present for his possession of drug paraphernalia conviction, MCL 333.7451; MCL 333.7452, and was sentenced to pay a fine of $150. Relatedly, the PSIR states defendant did not have an attorney present for his obstruction of a police officer conviction, MCL 750.478a, and was sentenced to nine days in jail and to pay a $300 fine.

During defendant's resentencing hearing on remand, defense counsel argued that defendant's misdemeanor convictions for obstructing a police officer and possession of drug paraphernalia should not be included in the assessment of Prior Record Variable (PRV) 5 because defendant did not have an attorney, waive his right to an attorney, or sign an advice of rights form. The trial court found PRV 5 was assessed correctly on other grounds. Defendant also challenged the assessment of Offense Variable (OV) 10, arguing it should be either 0 or 5 points because it was not readily apparent that defendant exploited TM. The trial court found OV 10 was properly assessed because of defendant's domestic relationship with TM and their differences in age and size. Finally, defendant argued OV 13 was improperly assessed because the jury did not specify

the underlying acts for each of defendant's convictions, so the trial court could not have determined whether defendant's sentences were based on multiple acts from the same incident or separate incidents. The trial court found OV 13 was properly assessed because the jury found defendant guilty of four separate convictions, which were previously affirmed on appeal.

The trial court then resentenced defendant to 18 months to 6 years' imprisonment for his accosting a child for an immoral purpose conviction related to Docket No. 351627. For his convictions in Docket No. 352683, the trial court resentenced defendant to the same sentences— 120 to 270 months' imprisonment for the CSC-III conviction; 120 to 270 months' imprisonment for each CSC-II conviction; and 48 to 72 months' imprisonment for accosting a child for an immoral purpose conviction. This appeal followed.

While defendant's appeal was pending, the trial court entered a stipulated order to correct the judgment of sentence related to Docket No. 351627, because the trial court "erred by imposing an 18 month to 6[-]year sentence on Count 2, instead of the 12[-]month jail sentence previously ordered." The stipulated order states: "[B]ecause the correction of the error is ministerial, the parties stipulate and agree that resentencing is not required." The trial court entered an amended judgment of sentence, reinstating defendant's initial 12-month sentence for accosting a child for an immoral purpose in Docket No. 351627. The sentences for defendant's other convictions in Docket No. 352683 were unchanged.

## II. STANDARDS OF REVIEW

Whether the trial court exceeded the scope of its authority on remand is a question of law; questions of law are reviewed de novo. See generally *People v Milton*, 257 Mich App 467, 470; 668 NW2d 387 (2003). "[T]he use of inaccurate information at sentencing may violate [a] defendant's constitutional right to due process." *People v Hoyt*, 185 Mich App 531, 533; 462 NW2d 793 (1990). "Once acquitted of a given crime, it violates due process to sentence the defendant as if he committed that very same crime." *Beck*, 504 Mich at 609. We review issues of constitutional law de novo. *People v Kennedy*, 502 Mich 206, 213; 917 NW2d 355 (2018).

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).]

However, because defendant failed to raise his arguments regarding the trial court's resentencing of his accosting a child for an immoral purpose conviction in Docket No. 351627, or the assessment of PRV 7 and the constitutionality of his sentences in Docket No. 352683, at the time of sentencing, in a motion for resentencing, or in a motion to remand filed in the Court of Appeals, MCL 769.34(10), we review these arguments for plain error affecting defendant's substantial rights. See *People v McLaughlin*, 258 Mich App 635, 670; 672 NW2d 860 (2003). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected

the outcome of the lower court proceedings." *People v Foster*, 319 Mich App 365, 374-375; 901 NW2d 127 (2017) (quotation marks and citation omitted).

## III. RESENTENCING

Defendant contends he is entitled to resentencing because the trial court: (1) improperly resentenced defendant for his conviction in Docket No. 351627; and (2) incorrectly assessed sentencing variables PRV 5, OV 10, and OV 13 in Docket No. 352683. In his Standard 4 brief, defendant argues the trial court violated his constitutional rights because it improperly relied on defendant's acquitted conduct when assessing PRV 7 and OV 13 during resentencing in Docket No. 352683.

## A. DOCKET NO. 351627

When an appellate court remands a case with specific instructions, a trial court is required to follow those instructions. *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012). In its opinion for defendant's appeals in Docket Nos. 351627 and 352683, this Court stated: "In Docket No. 351627, we affirm defendant's conviction. In Docket No. 352683, we affirm defendant's convictions, but remand for resentencing." *Murphy*, unpub op at 14. The only convictions the trial court was instructed to resentence were defendant's convictions in Docket No. 352683. However, the trial court exceeded the scope of the remand and resentenced defendant in Docket No. 351627. This is a clear error affecting defendant's substantial rights. *Foster*, 319 Mich App at 374-375.

While defendant's appeal was pending before this Court, however, the trial court entered a stipulated order to correct the June 27, 2022 judgment of sentence, acknowledging its error. The trial court filed an amended judgment of sentence correcting defendant's sentence for accosting a child for an immoral purpose in Docket No. 351627, reinstating his initial 12-month jail sentence. This correction renders defendant's argument moot, and he is not entitled to resentencing for that conviction. See *People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010) ("[A] moot case is one which seeks to get . . . a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.") (quotation marks and citation omitted).

## B. DOCKET NO. 352683

Defendant first argues the trial court should have assigned 15 points for PRV 5 because two of his misdemeanor convictions were obtained without the benefit of counsel and should not have been included in the assessment.

> A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial. The contents of the presentence report are presumptively accurate if unchallenged by the defendant. However, once a defendant has effectively challenged an adverse factual assertion contained in the presentence report or any other controverted issues of fact relevant to the sentencing decision, the prosecution must prove by a preponderance of the evidence that the

facts are as asserted. If the record provides insufficient evidence upon which to base the decision supporting or opposing the scoring, the court in its discretion may order the presentment of further proofs. This Court will affirm a sentencing court's scoring decision where there is evidence existing to support the score. [*People v Ratkov (After Remand)*, 201 Mich App 123, 125-126; 505 NW2d 886 (1993) (citations omitted).]

"[I]f a minimum sentence falls within the appropriate guidelines range, a defendant is not entitled to be resentenced unless there has been a scoring error or inaccurate information has been relied upon." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006).

MCL 777.55 states, in relevant part:

(1) Prior record variable 5 is prior misdemeanor convictions or prior misdemeanor juvenile adjudications. Score prior record variable 5 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) The offender has 7 or more prior misdemeanor convictions or prior misdemeanor juvenile adjudications……………………………………….. 20 points

(b) The offender has 5 or 6 prior misdemeanor convictions or prior misdemeanor juvenile adjudications…………....15 points [MCL 777.55(1)(a), (b).]

A trial court may not use a prior misdemeanor conviction that resulted in actual imprisonment to enhance a defendant's new sentence, unless the defendant had or waived his right to counsel for the prior conviction. *People v Reichenbach*, 459 Mich 109, 123-127; 587 NW2d 1 (1998).

Defendant's PSIR indicates he has seven prior juvenile and misdemeanor convictions. Defendant contends his misdemeanor convictions for possession of drug paraphernalia and obstruction of a police officer should not have been included in the trial court's assessment of points for PRV 5 because he was not represented by counsel, did not waive his right to counsel, and did not sign an advice of rights form for those convictions. However, the PSIR indicates defendant was only sentenced to pay a fine of $150, not a term of imprisonment, for his possession of drug paraphernalia conviction. Because defendant's conviction did not result in actual imprisonment, the trial court was permitted to consider this conviction during sentencing. See *id*. Further, contrary to defendant's assertions, the Register of Actions for his obstruction of a police officer conviction expressly states that defendant waived his right to counsel and signed an advice of rights form. Therefore, defendant's argument lacks merit, the trial court was permitted to consider this conviction when assessing points for PRV 5, and he is not entitled to resentencing.

Defendant next argues the trial court should not have assigned points for OV 10 because it was not readily apparent that TM was vulnerable. "[T]o merit a score of 10 points for OV 10, a defendant must have manipulated a young victim for a selfish or unethical purpose and the victim's vulnerability must have been readily apparent." *People v Needham*, 299 Mich App 251, 255; 829 NW2d 329 (2013). Vulnerability, as defined by MCL 777.40, involves "a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b).

Factors to be considered in deciding whether a victim was vulnerable include (1) the victim's physical disability, (2) the victim's mental disability, (3) the victim's youth or agedness, (4) the existence of a domestic relationship, (5) whether the offender abused his or her authority status, (6) whether the offender exploited a victim by his or her difference in size or strength or both, (7) whether the victim was intoxicated or under the influence of drugs, or (8) whether the victim was asleep or unconscious. The mere existence of one of these factors does not automatically render the victim vulnerable. [*People v Cannon*, 481 Mich 152, 158-159; 749 NW2d 257 (2008) (footnotes omitted).]

In assessing 10 points for OV 10 on remand for resentencing, the trial court stated, in relevant part:

I did find factual support to score OV 10 at 10 and because there were numerous instances or opportunities for exploitation of a vulnerable victim. And I can't recall all of the details off the top of my head, but this was a domestic situation. It involved a stepsister or, you know, a relation of some sort and clearly age, size, there's all kinds of things that would fall into a category allowing for [defendant] to exploit someone that is smaller, younger, less sophisticated than him. A variety of reasons.

So my—whatever my explanation was back then is the same explanation that I would adopt now.

Defendant does not challenge the trial court's factual findings, rather, he merely asserts it was not readily apparent that he exploited TM without any further development of his argument. Therefore, his argument is abandoned. See *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004) ("The failure to brief the merits of an allegation of error constitutes an abandonment of the issue."). Nonetheless, the record shows that TM, defendant's half-sister, was about six years younger than defendant, was abused by defendant between the ages of 5 and 16, and defendant abused his authority status as TM's older brother, stating: "[Y]ou're not going to tell anyone right? . . . [Y]ou don't throw family under the bus." Because the evidence establishes it was readily apparent that TM was vulnerable under MCL 777.40(1)(b), see *Murphy*, unpub op at 1-2, there is no error.

Defendant next argues the trial court should not have assigned points for OV 13 because the evidence could not establish a pattern of felonious criminal activity involving three or more crimes against an individual. OV 13 is scored for a "continuing pattern of criminal behavior." MCL 777.43(1). A score of 25 points is warranted when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). The trial court counts the sentencing offense and any crimes that occurred within a five-year period of that offense, "regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). A single felonious act that results in multiple convictions cannot constitute a pattern of criminal behavior. *People v Carll*, 322 Mich App 690, 704; 915 NW2d 387 (2018). However, separate felonious acts that arise out of a single criminal episode can constitute a pattern of criminal activity for purposes of assessing points for OV 13. *People v Gibbs*, 299 Mich App 473, 487-488; 830 NW2d 821 (2013).

Defendant argues OV 13 was assessed points incorrectly because the jury did not receive an unanimity jury instruction to specify the acts underlying each conviction. Because the jury did not specify the underlying acts, the trial court could not have determined whether defendant's sentences were based on multiple acts from the same incident or separate incidents. Defendant, however, fails to acknowledge that during trial: "TM testified that there were *four separate incidents* when she was 14 or 15 years old, when defendant touched different parts of her body for sexual gratification, including one occasion when he digitally penetrated her vagina. She testified that the defendant touched her multiple times during certain incidents." *Murphy*, unpub op at 2 (emphasis added). Further, one month before defendant's trial regarding the charges involving TM, defendant was separately convicted of accosting a different child (RW) for an immoral purpose. *Id*. at 1-2. Because this evidence is sufficient to establish defendant engaged in a pattern of felonious criminal activity involving three or more crimes against an individual, the trial court did not err by assessing 25 points for OV 13, and defendant is not entitled to resentencing.

## C. DEFENDANT'S STANDARD 4 BRIEF

In his Standard 4 brief, defendant argues the trial court violated his constitutional rights because it improperly relied on defendant's acquitted conduct and inaccurate information when scoring PRV 7 and OV 13 during resentencing.

PRV 7 addresses "subsequent or concurrent felony convictions." MCL 777.57(1). If "[t]he offender has 2 or more subsequent or concurrent felony convictions," the trial court assesses 20 points. MCL 777.57(1)(a). In Docket No. 352683, defendant was convicted of one count of CSC-III; three counts of CSC-II; and one count of accosting a child for an immoral purpose. Under MCL 777.16y, CSC-II is listed as a class C felony; CSC-III is listed as a class B felony. Under MCL 777.16g, accosting a child for an immoral purpose is listed as a class F felony. Thus, because defendant was concurrently convicted of five felonies, PRV 7 was properly assigned 20 points.

OV 13 is scored for a "continuing pattern of criminal behavior." MCL 777.43(1). A score of 25 points is warranted when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). As previously stated, TM's testimony was sufficient to establish there were, at minimum, four separate incidents when defendant sexually assaulted her and during some of those incidents, defendant touched her multiple times. *Murphy*, unpub op at 2. This evidence, as well as defendant's separate conviction of accosting a child for an immoral purpose, is sufficient to establish defendant engaged in a pattern of felonious criminal activity involving three or more crimes against an individual, and supports a score of 25 points for OV 13.

Defendant argues the trial court erred in assessing PRV 7 and OV 13, alleging: "The trial court[']s uncertainty as to what acts can constitute [defendant]'s convictions make it certain that the trial court considered acquittal conduct when it sentenced him to a minimum of ten years in prison." However, at resentencing, the trial court stated:

> And I would never knowingly sentence anyone for conduct for which they have been acquitted or that was not part of a plea agreement. It's just not anything I would do. It's not anything that I have ever done and to the extent that I may have

misspoke that's unfortunate and that created some confusion in the mind of the Court of Appeals' Judges.

[Probation officer,] Mr. [Scott] Green, as he indicates, was certainly not confused. He knew exactly what the conviction offenses were. He prepared a report that determined what the sentencing guidelines scoring was, which the Court adopted. The Court followed that recommendation back then based upon the conviction offenses not something that was unconvicted conduct and to the extent that there was a misspeak so to speak on the court record that's unfortunate, but it was never my intention to do anything other than sentence [defendant] for what he was convicted of and that's what Mr. Green reported on and that's what I did back then in my view.

There was no indication the trial court considered defendant's acquitted conduct of indecent exposure or the additional CSC-II charge, nor does defendant offer any proof to support his assertion that the trial court relied on acquitted conduct. Thus, it is unclear what "confusion" defendant is referencing. Because the record supports defendant's scores for PRV 7 and OV 13, and defendant failed to establish any error occurred, he is not entitled to resentencing.

## IV. CONCLUSION

Although the trial court erred in resentencing defendant for the conviction this Court affirmed in Docket No. 351627, because the trial court amended the judgment of sentence to reinstate defendant's initial sentence for that conviction, defendant's argument is moot and he is not entitled to resentencing. Further, because the evidence supports defendant's scores for PRV 5, PRV 7, OV 10, and OV 13, and there is no indication the trial court relied on defendant's acquitted conduct during resentencing for his convictions in Docket No. 352683, those sentences are affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Noah P. Hood